## SUTHARDS et al. v. WAGGONER.
### No. 4870.

Court of Appeal of Louisiana. Second Circuit.
Dec. 5, 1934.

Sam J. Waggoner, in pro. per.

R. V. Reeves, of Oak Grove, for appellee.

MILLS, Judge.

On March 11, 1931, defendant, S. J. Waggoner, entered into a written agreement to purchase from plaintiffs 40 acres of land in the parish of West Carroll, for a consideration of $1,200, payable $150 yearly, the expenditure of not less than $300 in improvements, and the payment of taxes during the life of the agreement. It is further stipulated in the contract that the failure of the purchaser to comply with the terms of the contract shall render it null and void, the payments and improvements made and taxes paid to inure to plaintiffs as rent.

The petition sets out such a failure, in that the purchaser has not paid the consideration, the taxes, fenced the land, or paid for the lumber in the house erected by him on the place. The prayer is for the annulment of the contract, the ejectment of defendant, and the forfeiture as rental of the sums expended on the land by him.

A default was taken, duly confirmed, and judgment rendered for plaintiffs as prayed for.

Defendant in his own proper person has appealed. Plaintiffs answered the appeal, praying for damages in the sum of $150, attorney's fees and rent for frivolous appeal.

Defendant personally appeared before the court, and complained of the failure of two attorneys to appear and represent him. He does not state that any fee was ever paid them or any facts which would constitute a successful defense to the action.

We think the appeal, though unfounded in fact or law, was due to defendant's ignorance of his rights and responsibilities, and was not willfully taken for the purpose of delay. The prayer for damages for frivolous appeal is therefore rejected, and the judgment appealed from affirmed.